HÉCTOR ZAMBRANA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOSÉ RIVERA BARRERAS, JUDGE, Respondent; MIRANDA & EGUÍA, INC., Intervener.

No. O-71-83.    Decided October 26, 1971.

*José A. Suro, Antonio José Amadeo,* and *Ernesto Rodríguez Font* for petitioner. *P. J. Santiago Lavandero* for intervener.

PER CURIAM: On September 14, 1966, petitioner Héctor Zambrana filed a complaint before the trial court, claiming from intervener Miranda & Eguía, Inc., the amount of $15,000 for unpaid wages. Subsequently, petitioner filed in the District Court, through the Secretary of Labor, another complaint claiming from Miranda & Eguía, Inc., $484 as compensation for unjustified discharge.

The District Court rendered judgment sustaining this second complaint. Miranda & Eguía paid petitioner the total amount of the judgment and in a conference prior to the trial of the first complaint, moved for the dismissal of the latter, alleging the judgment of the District Court as res judicata in the modality which bars the splitting of the cause of action. The trial court granted the dismissal.

We issued writit to review.

■■ The defense of res judicata, in its aspect of splitting of the cause of action, is applicable to every subsequent claim between the same parties relating to the same matter. *Avellanet* v. *Porto Rican Express,* 64 P.R.R. 660 (1945), *Cruz* v. *Ortiz,* 82 P.R.R. 802 (1961). The purpose of this defense is to further the termination of the judicial controversies and to avoid the continuous hardships caused to one party by successively filing various suits related to the same matter.

■■ In the case at bar, the first complaint filed had not been adjudicated. When the second complaint was filed in the District Court, the intervener Miranda & Eguía, Inc., could not allege the defense of res judicata, since nothing had been adjudicated yet, but it could request from the court the consolidation of said complaint with the one previously filed in the Superior Court. It did not do so, but rather, on the con-

trary, waiving the consolidation it submitted itself to the jurisdiction of the District Court for the disposal of the second complaint. Under these circumstances the defense of res judicata is not applicable. To apply it, as the intervener seeks, would constitute an acknowledgment of the improper utilization of the proceedings for the purposes of killing a cause of action.

The order appealed from is reversed and the case is remanded for further proceedings consistent with the foregoing opinion.

Mr. Justice Hernández Matos and Mr. Justice Rigau did not participate herein.